IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBRA SUE REYSEN,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.

Civ. No. 3:15-cv-00739-AA

OPINION AND ORDER

---

George J. Wall
1336 Burnside St., Suite 130
Portland, OR 97214
    Attorney for plaintiff

Billy J. Williams
United States Attorney
District of Oregon
Janice E. Hébert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 – OPINION AND ORDER

Lars J. Nelson
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Judge:

Debra Reysen (plaintiff) brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) under the Act. The Commissioner's decision is affirmed and the case dismissed.

## PROCEDURAL BACKGROUND

On October 7, 2009, plaintiff protectively filed for a period of disability and DIB, under Title II of the Act, alleging disability beginning September 30, 2004. Tr. 10. Her application was denied initially on February 8, 2010 and upon reconsideration on May 10, 2011. Tr. 10. On July 11, 2011, plaintiff filed a written request for a hearing. Tr. 10. On July 16, 2013, a hearing was held before an Administrative Law Judge (ALJ), wherein plaintiff appeared with an attorney and testified. Tr. 24-59. A vocational expert (VE) also appeared and testified. Tr. 48-59. On August 16, 2013, the ALJ issued a decision finding plaintiff not disabled from September 30, 2004 through September 30, 2007, the date last insured. Tr. 10-18. On March 16, 2015, the Appeals Council denied review, rendering the ALJ's decision final. Tr. 1-3. Plaintiff now seeks judicial review.

Plaintiff was fifty-six years old at the time of the hearing before the ALJ. Tr. 30. She attended high school to tenth grade, but did not complete high school or receive her GED. Tr.

2 – OPINION AND ORDER

30. She has completed some training in cosmetology. Tr. 30. She worked as a food demonstrator before injuring her left shoulder and undergoing multiple surgeries. Tr. 31-36. Prior to her work as a food demonstrator, plaintiff worked as a key person, cashier, and motel manager. Tr. 31-36. Plaintiff alleges disability as of September 30, 2004, due to her depression, left shoulder impingement, status-post repair 2005 with tendinitis and chronic pain, degenerative disc disease at the cervical spine, status-post hysterectomy and small bowel resection, obesity, and osteoarthritis of the bilateral knees. Pl.'s Br. 2.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir.

2006). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 30, 2004 through her date last insured of September 30, 2007. Tr. 12; 20 C.F.R. § 404.1571.

At step two, the ALJ found that plaintiff had severe impairments of a left shoulder impingement, status-post repair 2005 with tendinitis and chronic pain, degenerative disc disease at the cervical spine, and probable osteoarthritis of knees. Tr. 12-13; 20 C.F.R. § 404.1520(c). The ALJ found that plaintiff's impairments of depression, status-post hysterectomy and small bowel resection, and obesity were nonsevere, and that plaintiff's impairments from hernia surgery in April 2010 were not "medically determinable impairments before the Date Last Insured," and "[e]ven if they had been, they would be non-severe." Tr. 13.

At step three, the ALJ found that plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude gainful activity. Tr. 13; 20 C.F.R. §§

4 -- OPINION AND ORDER

404.1520(d), 404.1525, 404.1526. Because plaintiff was not presumptively disabled at step three, the ALJ evaluated how plaintiff's impairments affected her ability to work by assessing her residual functional capacity (RFC). Tr. 13-17.

At step four, the ALJ found that plaintiff had the RFC to "perform less than the full range of light work with the following additional limitations." Tr. 13.

> This individual can lift and carry 20 pounds occasionally and 10 pounds frequently with her right upper extremity and/or both extremities, but is limited to only 7 pounds with left upper extremity. She can do no repetitive lifting. She can never climb ladders, ropes or scaffolds. She can frequently balance. She can occasionally kneel or crouch. She can never crawl. She can do no overhead reaching with the left upper extremity. She can do frequent handling, fingering and feeling with the left upper extremity, and unlimited handling, fingering and feeling with the right upper extremity. 20 C.F.R. § 404.1567(b).

Tr. 13-14.

Based on plaintiff's assessed RFC, her work history, and the testimony of the VE, the ALJ found that plaintiff could perform her past relevant work, which the VE determined included the following: food demonstrator, cashier, front desk clerk, and motel manager. Tr. 17-18; 20 C.F.R. § 404.1565. Because the ALJ determined that plaintiff could perform her past relevant work, the inquiry did not proceed to step five, and the ALJ found plaintiff not disabled under the meaning of the Act from September 30, 2004, the alleged onset date, through September 30, 2007, the date last insured. Tr. 18; 20 C.F.R. § 404.1520(f).

## DISCUSSION

Plaintiff asserts that she should be found disabled as of her date last insured, September 30, 2007, through the present, the Commissioner's decision reversed, and the case remanded for immediate payment of benefits. Pl.'s Br. 23-24. Plaintiff argues the ALJ erred by: (1) failing to provide substantial evidence to show that plaintiff's depression was not severe at step two; (2)

failing to address plaintiff's chronic pain and depression in her RFC assessment; (3) failing to provide specific and legitimate reasons for rejecting the opinion of examining physician Dr. Ron Bowman; and (4) failing to provide substantial evidence to support her step four findings. Pl.'s Br. 11-23.

### A. Plaintiff's Depression at Step Two

Plaintiff argues the ALJ failed to provide substantial evidence to support the finding that her depression was not a severe impairment at step two. Pl.'s Br. 17-21. Specifically, plaintiff argues the ALJ failed to acknowledge plaintiff's depression and its link to her physical impairments, specifically her pain, in her determination that plaintiff's depression was not severe. Pl.'s Br. 19-20. Further, plaintiff argues the ALJ failed to include "any limitations in [p]laintiff's RFC to account for [p]laintiff's depression (severe or not)." Pl.'s Br. 20.

At step two, the ALJ considers whether a claimant has a severe medically determinable physical or mental impairment, or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). A claimant's impairment or combination of impairments is not severe if it does not significantly limit his or her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521. Basic work activities are

> the abilities and aptitudes necessary to do most jobs. Examples of these include—
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b). An impairment is not severe if it is merely "a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do

6 – OPINION AND ORDER

basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing SSR 96–3(p) (1996)).

Here, the ALJ found plaintiff's depression at step two was a "non-severe impairment," and cited three reasons for this determination. Tr. 13. First, the ALJ noted the Function Report of plaintiff's friend and neighbor, Jennifer Kinzer, who wrote plaintiff spent time with her children once a week and watched television with them. Tr. 13, 217. Second, the ALJ cited Dr. Kevin Kane's May 2, 2006 report that plaintiff's "mood remains improved with Zoloft." Tr. 13, 414. Finally, the ALJ noted plaintiff's January 5, 2009 Function Report where she reported she socialized with neighbors one to two times a week. Tr. 13, 195.

I find no error in the ALJ's determination that plaintiff's depression was not severe at step two. Plaintiff argues that "[w]atching television and brief periods of relative improvement do not show that Plaintiff's Depression is not severe." Pl.'s Br. 19. Regardless, non-severe impairments are conditions that are controlled with medication, and conditions from which the claimant has recovered. *See, e.g., Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits"); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1992) (upholding ALJ's finding of no disability where the impairments were stabilized). Here, the ALJ noted that, according to Dr. Kane, plaintiff's "mood remains improved with Zoloft." Tr. 13, 414. Also, Dr. Kane found plaintiff's depression was in "chemical remission" in 2011, and again in 2013, further supporting the ALJ's finding that plaintiff's depression could be controlled with medication. Tr. 555, 560, 562, 564, 567, 584, 586, 588, 590, 592, 594.

7 – OPINION AND ORDER

The ALJ also reasonably found that the Function Reports were substantial evidence that plaintiff's depression was not severe, finding plaintiff had numerous social interactions throughout the week. Tr. 13, 195, 217. Although plaintiff wrote that she has a "total loss of ability to partake of most normal activities," she also wrote that she did not have a problem following written or spoken instructions, getting along with authority figures, handling changes in routine, and handled stress "outside of current condition, very well." Tr. 195-97. This, in combination with the medical evidence of Dr. Kane, is substantial evidence cited by the ALJ that plaintiff's depression has "no more than a minimal effect on the ability to do basic work activities." *Webb*, 433 F.3d at 686.

The ALJ provided substantial evidence to show that plaintiff's depression was not a severe impairment. Further, even if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson v. Comm*, 359 F.3d 1190, 1193 (9th Cir. 2004). The ALJ's conclusion that plaintiff's depression is not severe at step two is supported by the record, and therefore, I find no error in the ALJ's findings. With respect to plaintiff's depression as it relates to the RFC analysis, I address that below.

B. RFC Analysis - Plaintiff's Limitations Regarding Depression and Chronic Pain

Next, plaintiff argues the ALJ failed to address plaintiff's chronic pain, which she found was severe in her step two analysis, and "[p]laintiff's depression (severe or not)" in her RFC assessment. Pl.'s Br. 20-23.

The RFC is defined under the Social Security regulations as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. 404, Subpt. P, App. 2, § 404.1512(a). When assessing the RFC the Commissioner will consider all of claimant's "medically determinable impairments,"

8 – OPINION AND ORDER

including those that are not "severe." 20 C.F.R. §§ 404.1545(a)(2), 404.1520(c), 404.1521, and 404.1523. The Commissioner will assess the RFC based on "all of the relevant medical and other evidence" and will "consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations," and "descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons." 20 C.F.R. §§ 404.1545(a)(3); *see also id.* §§ 404.1512(c), 404.1513. The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

First, plaintiff argues the ALJ failed to include her chronic pain in her RFC assessment. Pl.'s Br. 21-23. In determining plaintiff's RFC, the ALJ considered plaintiff's chronic pain, but discounted the level of alleged pain after finding "claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms [were] not entirely credible." Tr. 14. Neither party disputes the ALJ's credibility findings, and I find the ALJ's reasons for discrediting plaintiff and her subjective complaints of pain are reasonable. The ALJ noted that plaintiff reported she had "consistent pain" since sustaining a work injury in September 2004 and that her attorney filed a brief alleging "'intractable shoulder pain' and constant pain, to an extent that the claimant cannot 'stand for more than 2 hours at a time, cannot push, pull or reach, and is limited

9 – OPINION AND ORDER

to lifting ten pounds or less.'" Tr. 14. However, the ALJ found the "[m]edical records do not support the severe degree of impairments alleged by the claimant." Tr. 15.

In making the above finding, the ALJ noted that plaintiff "alleged extreme lifting and functional limitations in both arms," but found "the medical records do not show any injury to the dominant right arm." Tr. 15. The ALJ cited Dr. Kane's treatment notes from April 12, 2006 showing that plaintiff still had aching pain, but the "intensity of pain [was] down about 40% from its worst." Tr. 15, 415. Further, the ALJ noted that Dr. Kane performed a physical examination on June 3, 2010, and after reviewing plaintiff's May 27, 2010 MRI, he found it showed, "[n]o source for current symptomatology." Tr. 16, 546.

Next, the ALJ found Dr. Kane noted "[i]ntractable shoulder pain with contracture" on September 2, 2009, and plaintiff's subjective complaints that she could not pick up her grandchildren, yet the ALJ found that only four months earlier, plaintiff stated she was a caregiver of her grandchildren. Tr. 16, 386, 387, 390. The ALJ opined that "[i]n spite of shoulder pain on the left, the claimant was able to take on childcare activities when relying on functioning on the right." Tr. 16. The ALJ further stated that "even though the claimant continues to allege shoulder pain at a disabling degree, her complaints are inconsistent with Dr. Kane's objective medical findings." Tr. 16. Therefore, the ALJ gave Dr. Kane's opinion of "intractable shoulder pain" limited weight in the RFC analysis because she found it was "contravened by the claimant's self-reported activities." Tr. 16.

Finally, the ALJ cited a clinical interview with Dr. Kane on July 12, 2006 where claimant told Dr. Kane that she was "exploring gainful employment possibilities" and had "activity tolerance to do household work." Tr. 16, 407. The ALJ found this, connected with the physical

10 – OPINION AND ORDER

exam results and the MRI results obtained by Dr. Kane in 2010, "did not show significant physical impairment." Tr. 16.

I find no error in the ALJ's RFC assessment with respect to plaintiff's chronic pain. The ALJ provided numerous reasons for discrediting plaintiff's pain testimony, both through contradictions with the objective medical evidence and inconsistencies with plaintiff's subjective complaints of pain compared with her activities. Plaintiff failed to challenge the ALJ's credibility determination of plaintiff, and because I find the ALJ's credibility determination reasonable, I find no error in the ALJ's decision to discount plaintiff's pain testimony. This conclusion is fully supported by the record.

Second, plaintiff argues the ALJ failed to include impairments resulting from plaintiff's depression in her RFC analysis. Pl.'s Br. 20. With respect to plaintiff's depression in the RFC analysis, the ALJ noted that mental disabilities were alleged by the plaintiff, but she did not find plaintiff's testimony entirely credible "concerning the intensity, persistence and limiting effects of her symptoms." Tr. 14. With respect to plaintiff's mental health, the ALJ cited the opinion of Bill Hennings, Ph.D., who, on May 2, 2011, found that plaintiff had an affective disorder which was "secondary to physical pain issues" and did not cause any "marked" functional limitations in the major functional areas. Tr. 17, 66. Dr. Hennings also noted that "first and third party does not report problems in memory and concentration or getting along with others." Tr. 66. The ALJ gave "significant weight" to the opinion of Dr. Hennings, finding that his opinion was "consistent with the totality of the medical records, including the claimant's self-reported activities and the totality of the evidence, including credibility factors." Tr. 17.

I find no error in the ALJ's RFC assessment with respect to plaintiff's depression. Although plaintiff's depression was found not severe, the ALJ reasonably considered it in her

11 – OPINION AND ORDER

RFC analysis of plaintiff. Tr. 17. However, the ALJ determined that plaintiff's testimony regarding her depression was not as limiting as plaintiff alleged, specifically noting Dr. Hennings' findings that plaintiff's depression did not cause any "marked" functional limitations. Tr. 17, 66. As discussed above, the ALJ's credibility determination of the plaintiff was not challenged by either party, and I find her overall analysis of plaintiff's credibility reasonable. For this reason, I find the ALJ reasonably discounted plaintiff's reports of depression, and therefore find no error in the ALJ's RFC analysis. This conclusion is supported by the record.

### C. Opinion of Examining Physician, Dr. Ron Bowerman

Next, plaintiff argues the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of an examining physician, Dr. Ron Bowman, specifically Dr. Bowman's findings regarding plaintiff's left arm lifting and reaching limitations. Pl.'s Br. 16-17.

An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). An ALJ may reject the contradicted opinion of a treating or examining doctor by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

The ALJ gave some weight to the portion of Dr. Bowman's opinion where he found plaintiff is "significantly limited in repetitive use of the left shoulder," but noted that Dr. Bowman "did not impose restrictions on the right shoulder." Tr. 15, 534. The ALJ made this determination based on Dr. Bowman's physical examination of plaintiff's shoulders where he found "flexion was 110 degrees on the left but 180 degrees on the right; extension was 5 degrees on the left but 45 degrees on the right; and abduction was 82 degrees on the left but 180 degrees

12 – OPINION AND ORDER

on the right." Tr. 15, 532. The ALJ gave limited weight to Dr. Bowman's opinion that plaintiff is "permanently precluded from climbing, reaching, crawling, and pushing or pulling." Tr. 15, 533-34. In making this determination, the ALJ cited Dr. Bowman's physical examination notes where he found plaintiff had "5/5 strength in the muscles about both wrists, both ankles, and both knees," and has "no limitation in the number of consecutive hours she can sit, stand or walk." Tr. 15, 533-34. Overall, the ALJ noted "the medical records do not document any injury to the dominant right arm or right side of the body. Rather, the injuries are confined to the left arm and shoulder, resulting in limited functioning but not total dysfunction." Tr. 15.

Plaintiff argues the ALJ did not provide specific reasons for rejecting Dr. Bowman's left arm reaching limitations. Pl.'s Br. 17. I disagree. In reviewing the ALJ's decision, I find the ALJ did not reject plaintiff's left arm restrictions, but only rejected Dr. Bowman's findings that plaintiff is "permanently precluded from climbing, reaching, crawling, and pushing or pulling." Tr. 15, 534. The ALJ determined "the limitations of never to crawl or climb ladders, ropes, and scaffolds are appropriate, after taking into consideration the claimant's limitations in the left arm and shoulder. Kneeling and crouching are limited to occasional, but they are not entirely precluded." Tr. 15.

I find no error in the ALJ's rejection of the portion of Dr. Bowman's medical opinion where he found plaintiff was "permanently precluded from climbing, reaching, crawling, and pushing or pulling." Tr. 15, 534. In making this determination the ALJ clearly considered plaintiff's left arm limitations, specifically noting the limitations of "never to crawl or climb ladders, ropes, and scaffolds were appropriate, after taking into consideration the claimant's limitations in the left arm and shoulder." Tr. 15. Further, Dr. Bowman's opinion concerning plaintiff's permanent preclusion from climbing, reaching, crawling, and pushing or pulling was

13 – OPINION AND ORDER

contradicted by his own opinion that plaintiff had "5/5 strength in the muscles about both wrists, both ankles, and both knees," and has "no limitation in the number of consecutive hours she can sit, stand or walk." Tr. 15, 533-34. I find these were specific and legitimate reasons for rejecting Dr. Bowman's opinion regarding plaintiff's permanent preclusions. The ALJ's rejection of a portion of Dr. Bowman's opinion was reasonable and for these reasons, I find no error.

D. Step Four Analysis

Finally, plaintiff argues the ALJ failed to provide substantial evidence for her step four findings. Pl.'s Br. 11-16. Specifically, plaintiff argues: (1) the ALJ identified jobs at step four that were not cited by the VE; (2) the ALJ erred in finding plaintiff could perform her past work "as performed" and "as generally performed" because plaintiff's past work consisted of composite jobs which do not have counterparts in the DOT; and (3) the ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT with respect to plaintiff's inability to reach and lift more than seven pounds with her left upper extremity. Pl.'s Br. 11-16.

"At step four, claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. § 404.1520(e), *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990)). Although the burden of proof lies with the claimant at step four, *see, e.g., Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009), the ALJ still has a duty to make the requisite factual findings to support a conclusion that the claimant is capable of performing his or her past work. *Pinto*, 249 F.3d at 844 (citing SSR 82-62; 20 C.F.R. §§ 404.1571, 404.1574, 404.1565). This is done by looking at the claimant's RFC and the physical and mental demands of the claimant's past relevant work. *Pinto*, 249 F.3d at 844-45; 20 C.F.R. § 404.1520(e).

Here, the VE testified a person with the limitations described in the ALJ's hypotheticals

14 – OPINION AND ORDER

could perform the occupations of (1) food demonstrator, (2) cashier, (3) front desk clerk, (4) cocktail waitress, and (5) motel manager. Tr. 51-56. Therefore, the ALJ found that plaintiff could perform her past relevant work as a food demonstrator, cashier, front desk clerk, and motel manager as actually and generally performed. Tr. 18. Plaintiff argues the positions identified by the ALJ were not identified specifically by the VE, arguing the VE only identified the occupations of (1) front desk clerk, (2) cocktail waitress, and (3) motel manager as suitable for a person with the same RFC as plaintiff. Pl.'s Br. 11. However, I find plaintiff's argument unpersuasive after reviewing the transcript of the July 16, 2013 hearing.

At the hearing, the VE confused the positions of change person and cashier in the first hypothetical, creating some confusion in the testimony. Tr. 51-53. When the VE answered the ALJ's hypothetical she listed the positions of food demonstrator and waitress, and then became confused about the positions of change person and cashier. Tr. 51-52. The VE clarified that only the position of cashier, not change person, was suitable, and then continued to list the positions of front desk clerk, cocktail waitress, and motel manager as also suitable. Tr. 52-53. After reading the transcript in its entirety, the VE did identify food demonstrator and cashier as jobs suitable for an individual with plaintiff's RFC and abilities. Tr. 51-53. Further, even if the positions identified by the ALJ at step four were not all identified by the VE, I find no error. An ALJ is not required to obtain testimony from a VE at step four of the analysis, provided the ALJ makes the necessary findings that a claimant is able to perform past relevant work. *Crane v. Shalala,* 76 F.3d 251, 255 (9th Cir. 1996). As explained below, the ALJ did so.

Next, plaintiff argues the ALJ erred when she found plaintiff could perform her past work "as performed" and "as generally performed" with respect to the occupations of food demonstrator, cashier, front desk clerk, and motel manager. Pl.'s Br. 12-14.

15 – OPINION AND ORDER

As discussed above, at step four, the ALJ has a duty to make the requisite factual findings to support a conclusion that the claimant is capable of performing his or her past work. *Pinto,* 249 F.3d at 844; SSR 82-62; 20 C.F.R. §§ 404.1571, 404.1574, 404.1565. The claimant must be able to perform work she previously performed, meaning the actual functional demands and job duties of a particular past relevant job; or work existing in the national economy, meaning the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Pinto,* 249 F.3d at 845; SSR 82-61, 1982 WL 31387.

The Commissioner concedes the ALJ erred when she found that plaintiff "can perform her past relevant work as a Cashier, Front Desk Clerk, and Manager as they are actually and generally performed, and erred in finding that [plaintiff] can work as a Food Demonstrator as it is generally performed." Def.'s Br. 6. However, the Commissioner argues this error is harmless because plaintiff could perform her past relevant work as a food demonstrator as actually performed. Def.'s Br. 6. An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006).

I agree the ALJ erred when she found plaintiff could perform her past relevant work of cashier, front desk clerk, and motel manager as actually and generally performed. Tr. 18. The ALJ wrote "[t]he jobs of Food Demonstrator, Casher [sic], Front Desk Clerk, and Motel Manager can be performed as they are actually and generally performed," yet provided no factual findings or explanation for why plaintiff could perform these positions. Tr. 18. However, this error is harmless because the ALJ reasonably determined that plaintiff could perform her work as a food demonstrator as actually performed. Tr. 18.

16 – OPINION AND ORDER

At step four, the claimant has the burden of proving she cannot perform her past relevant work. *Valentine v. Comm'r,* 574 F.3d 685, 689 (9th Cir. 2009). Here, plaintiff provided two descriptions of the food demonstrator position, and the ALJ found plaintiff could perform her work as a food demonstrator as actually performed based on plaintiff's description. Tr. 184, 374. The ALJ cited plaintiff's Work History Report, dated January 5, 2009, where plaintiff described her work as a food demonstrator had her lift "less than 10 lbs. frequently and 10 lbs. at the maximum," and found "the past relevant work as identified above has exertional demands that are at the 'light' or 'sedentary' level, as consistent with the RFC." Tr. 18, 184. Plaintiff nonetheless argues that food demonstrator "as performed" exceeded her RFC. Pl.'s Br. 12-14. Plaintiff argues the food demonstrator position at Costco was performed in the Light to Medium physical demand category, citing a Physical Capacity Evaluation from January 31, 2006, where plaintiff described her job to Dr. Patrick Hanley. Pl.'s Br. 12 (citing Tr. 374). In that report, plaintiff stated the "job demands consisted of lifting/carrying up to 15-40 pounds, standing constantly, and assuming various postures (i.e. reaching, pulling, fine manipulation/fingering, etc.) as needed." Tr. 374.

The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson v. Comm.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Here, although different rational interpretations of the record exist, the ALJ reasonably determined plaintiff could perform her job as a food demonstrator as actually performed based on plaintiff's RFC and a job description that plaintiff herself provided to the agency. Tr. 18. Therefore, I find the ALJ made the requisite factual finding that plaintiff could perform the position of food demonstrator as actually performed in the national economy and find no error.

17 – OPINION AND ORDER

Finally, plaintiff argues the ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT with respect to plaintiff's inability to reach and lift more than seven pounds with her left upper extremity. Pl.'s Br. 14-16. Specifically, plaintiff argues the DOT "calls attention to the fact that bilateral manual dexterity is necessary for the performance of substantially all unskilled sedentary occupations," and that SSR 83-12 further requires the ALJ to obtain VE testimony to discuss the "erosion of jobs in the Light occupational base." Pl.'s Br. 14-15. However, SSR 83-12 relates to the medical-vocational guidelines ("Grids"). SSR 83-12, 1983 WL 31253. The "Grids" apply only at step five, not step four, therefore making SSR 83-12 irrelevant to the ALJ's step four analysis. *See Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007).

Granted, the VE was unclear whether the DOT required bimanual dexterity, and the ALJ did not discuss requirements for bilateral manual dexterity with respect to unskilled sedentary jobs generally. *See* Tr. 52; SSR 83-14. However, I find any error harmless. Even if the ALJ was required to discuss a potential conflict between the DOT job descriptions and the VE's testimony, the ALJ found that plaintiff could perform her past relevant work as a food demonstrator as actually performed. Tr. 18. As noted, plaintiff submitted a Work History Report in 2009 and described her work as a food demonstrator required her to lift "less than 10 lbs. frequently and 10 lbs. at the maximum." Tr. 184. The ALJ reasonably found this work was consistent with plaintiff's RFC of lifting and carrying 20 pounds occasionally and 10 pounds frequently with her right upper extremity and/or both extremities, and 7 pounds with the left upper extremity. Tr. 13-14. Remanding this case for review would not change the overall determination that plaintiff can perform her past relevant work of a food demonstrator as actually performed. For this reason, I find any error is harmless.

18 – OPINION AND ORDER

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this 12 day of May, 2016.

_____
Ann Aiken
United States District Judge

19 – OPINION AND ORDER